UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GERAY,<br><br>              Petitioner,<br><br>     v.<br><br>JENNIFER SHAFFER,<br><br>              Respondent. | Case No. 20-cv-05383-VC   (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 9 |

      Jason Geray, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). The respondent moves to dismiss the petition. For the following reasons, the motion is granted.

      In his petition, Geray asserts, "the California Board of Parole violated due process by denying me for the same reason two years in a row," and "the Parole Board also noted I need more rehabilitation efforts, [but] due to the Covid-19 there is zero rehabilitation being offered." Although Geray does not attach the transcript of the Board's reasons for its denial of his parole, he attaches the Superior Court's denial of his petition, which said that the Board denied him parole because: "[his] crime did involve a great deal of violence, he had a previous record of serious criminality, and . . . both his record of prison disciplinaries and his minimal programming shows he has not made strong efforts to reform." ECF No. 1 at 14.

      In *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011), the Supreme Court explained that, in the context of parole, as long as the petitioner was allowed an opportunity to be heard and was

provided with a statement of the reasons why parole was denied, he received adequate due process. And, as long as the petitioner received at least that much process, the federal court's habeas review was at an end. *Id.*; *see also Miller v. Or. Bd. of Parole and Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) (*Cooke* held, in the context of parole eligibility decisions, the federal due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision).

It is apparent from the Superior Court's order that the Board provided a statement to Geray of the reasons it denied him parole. He does not allege that the Board failed to provide him with an opportunity to be heard. Therefore, under *Cooke*, Geray received all the process he was due, and this court cannot address whether substantively the Board decided the case correctly. Therefore, the petition must be dismissed because it only alleges the violation of state law, not a violation of the federal constitution or statutes. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas review limited to determining whether there has been a violation of the Constitution, or the law and treaties of the United States); *Engle v. Isaac*, 456 U.S. 107, 119 (1982) (federal habeas review not available for alleged state law violations).

In his opposition, Geray cites *In re Ryner*, 196 Cal. App. 4th 533, to show that the Board's finding was "speculative, arbitrary and capricious, at best." In *Ryner*, the California Court of Appeal vacated the Governor's decision reversing the Board's decision to grant parole to Ryner because the Governor's decision was not supported by some evidence. *Id.* at 553. However, *Ryner* is a California case and California law allows the state courts to examine the record to determine if some evidence supports the decision of the Board or the Governor. This is a federal court which must follow federal law. And, under *Cooke*, this court may only address whether the Board provided procedural due process to Geray.

## CONCLUSION

The respondent's motion to dismiss is granted. Dismissal is with prejudice because amendment of the petition would be futile. A certificate of appealability will not issue. *See* 28

U.S.C. § 2253(c).  This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel* 529 U.S. 472, 484 (2000).  The Clerk shall terminate all pending motions, enter a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 2, 2021

_____
VINCE CHHABRIA
United States District Judge